```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

JERARDO RODRIGUEZ,              )
                                )    Civil No. 08-290-ST
          Plaintiff,            )
                                )
     v.                         )
                                )
JOHN/JANE DOE, MS HOWTON,       )
CARLA TUPOU, CAPT. OGDEN, MS.   )
TAYLOR, DENYSE GOLDADE, LT.     )
SCOTT, PAROLE BOARD, J. HULLY,  )
and GARY PFENNING,              )    FINDINGS AND RECOMMENDATION
                                )
          Defendants.           )
```

STEWART, Magistrate Judge.

Plaintiff, an unincarcerated *pro se* plaintiff, filed this 42 U.S.C. § 1983 civil rights action on March 7, 2008. On April 3, 2008, plaintiff filed a Motion for Default (docket #4) on the basis that defendants had not responded to his Complaint within 20 days as required by Fed. R. Civ. P. 12(a).

1 - FINDINGS AND RECOMMENDATION

Defendants received plaintiff's summonses on or before March 6, 2008. Affidavit of Katharine von Ter Stegge, p. 2. Because plaintiff served his summons on defendants before he filed his Complaint, he failed to comply with Fed. R. Civ. P. 4(b) which requires a litigant to issue summons no earlier than the filing of his pleading.[1] In addition, plaintiff's summons were not presented to the Clerk for signature or seal prior to service upon defendants as required by Fed. R. Civ. P. 4(b).

Because the summonses plaintiff served upon the defendants were deficient, defendants were under no obligation to file an answer to the Complaint within 20 days. Accordingly, plaintiff's Motion for Default should be denied, and he should be given an opportunity to properly serve summonses on defendants which comply with Rule 4 of the Federal Rules of Civil Procedure.

///

///

---

[1] Plaintiff was a prisoner at the time he filed his Complaint in this case, and therefore asks the court to presume, pursuant to the prison mailbox rule, that he filed his Complaint on the day he mailed it to the court. *See Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the court). It is difficult to precisely date plaintiff's mailing because he failed to date his Complaint, and he does not produce any mailing records from the prison. Nevertheless, the defendants to this action received plaintiff's summonses prior to the date the court received his Complaint. Accordingly, applying the prison mailbox rule to all of plaintiff's mailings, it appears that he attempted to serve his summons on defendants prior to mailing his Complaint to the court.

2 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

Plaintiff's Motion for Default (docket #4) should be DENIED.

IT IS SO ORDERED.

DATED this  22nd  day of April, 2008.

                     /s/ Janice M. Stewart
                         Janice M. Stewart
                         United States Magistrate Judge