IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JERARDO RODRIGUEZ,

        Plaintiff,

    v.

MAX WILLIAMS, *et al*,

        Defendants.

Civil No. 08-290-ST

FINDINGS AND RECOMMENDATION

    James K. Hein
    Tonkon Torp LLP
    888 SW Fifth Avenue
    Suite 1600
    Portland, OR 97204-2099

        Attorney for plaintiff

    John R. Kroger
    Attorney General
    Katharine von Ter Stegge
    Kristin A. Winges
    Assistant Attorneys General
    1162 Court Street NE
    Salem, Or 97301-44096

        Attorneys for defendant

  1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Plaintiff, a former inmate within the Oregon Department of Corrections ("ODOC"), brings this action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' Motion for Summary Judgment (docket #53) as to all of plaintiff's claims. For the reasons which follow, that motion should be granted.

## BACKGROUND

Plaintiff was formerly imprisoned within ODOC until his release on parole on December 5, 2005. Declaration of Bethany Smith, ¶ 3. Between March and May 2005, plaintiff experienced a number of purported constitutional violations giving rise to the current action. Specifically, he alleges that defendants violated his First, Eighth, Ninth, and Fourteenth Amendment rights in the following respects:

(1) 24-hour lighting was maintained in the quiet cells;

(2) the doors to the quiet cells remained closed almost 24 hours per day, a policy which plaintiff believes has led to or exacerbated his social disorders;

(3) defendants unlawfully imposed a blanket prohibition against possession of property in the quiet cells;

(4) plaintiff's placement in his quiet cell, as well as his strip search and shackling, were unlawful;

(5) plaintiff's hearings officer was not neutral during a prison disciplinary hearing;

(6) OAR 291-158-0065 deprives indebted inmates of monetary funds, and does not rationally relate to any legitimate penological interest;

2 - FINDINGS AND RECOMMENDATION

  (7) plaintiff was retaliated against for filing a grievance against a female correctional guard who was "gawking" at him in the shower;

  (8) the Restrictions Unit was quite loud at all hours, making it impossible for plaintiff to get a good night's sleep and triggering his schizophrenia;

  (9) plaintiff has a right to bodily privacy which was violated by female officers; and

  (10) the Director of ODOC unlawfully had plaintiff transferred to nearly every major prison in Oregon for the purpose of inflicting psychological abuse by having him stripped in front of members of the opposite sex.

Complaint (docket #1).

  Plaintiff also takes issue with certain actions of the Board of Parole and Post-Prison Supervision ("Parole Board") in 2006 and 2007.  *Id* at 32.

  On September 7, 2005, plaintiff filed a 42 U.S.C. § 1983 lawsuit challenging the same 2005 conduct at issue in the case. *Rodriguez v. Director of ODOC, et al.*, Case No. 05-1422-PK ("2005 lawsuit").  Judge King determined that plaintiff's previous case filings exempted him from *in forma pauperis* status.[1] As a result, on November 7, 2005, Judge King required plaintiff to pay the full civil filing fee within 30 days if he wished to proceed.  Plaintiff did not do so, and on December 15, 2005, Judge King dismissed the 2005 lawsuit without prejudice.  Because plaintiff neglected to

---

[1] A prisoner is prohibited from proceeding in a civil action without full prepayment of filing fees if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).

3 - FINDINGS AND RECOMMENDATION

keep a current address with the court following his December 5, 2005 release as required by Local Rule 83-10, the Order to Dismiss and Judgment were returned to the court as undeliverable.

On March 7, 2008, plaintiff filed this civil rights action. Defendants ask the court for summary judgment because: (1) the claims for the alleged conduct occurring between March and May of 2005 fall outside of the applicable statute of limitations; and (2) the Parole Board is entitled to immunity under the Eleventh Amendment.

## STANDARDS

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative

4 - FINDINGS AND RECOMMENDATION

evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, he must come forward with sufficient evidence demonstrating to the court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). Plaintiff may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. *Id*; *see also Celotex Corp.*, 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits, depositions, answers to interrogatories, and admissions. *Celotex Corp.*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

## **FINDINGS**

### I.  **Statute of Limitations**

Because § 1983 does not have an independent statute of limitations, the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Actions

5 - FINDINGS AND RECOMMENDATION

filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal injury limitations period to § 1983 actions). In Oregon, this period is two years. O.R.S. 12.110(1).

The parties agree that all claims, with the exception of plaintiff's claims against the Parole Board, fall outside of the two-year statute of limitations applicable to this case. Plaintiff, however, asks the court to toll the limitation period because ODOC's policies relating to his prison trust account precluded him from saving sufficient funds in order to pay the full filing fee for his 2005 lawsuit in which he presented his claims in a timely fashion. Specifically, he claims that he was indebted to ODOC such that he was only allowed to spend a total of $30 per month and that any funds received beyond that $30 were required to be applied to his debt. Declaration of Jerardo Rodriquez, ¶ 5; OAR 291-158-0065(1)(b).

Equitable tolling is sparingly used in Oregon. In 1952, the Oregon Supreme court determined that the statute of limitations on a Dutch citizens' claims against an Oregon resident would be tolled following the United States' declaration of war against Germany which then occupied The Netherlands. *Peters v. McKay*, 195 Or. 412 (1952). In 1999, the Oregon Supreme Court noted that "various circumstances can toll [a statute of limitations'] expiration."

6 - FINDINGS AND RECOMMENDATION

*Shasta View Irrigation Dist. v. Amoco Chemicals Corp.*, 329 Or. 151, 162 (1999). The only example cited was a case where an insurer failed to give an injured party timely notice of the running of the statute of limitations after making advance payment for damages. *Baker v. Kennedy*, 317 Or. 372, 374 (1993). Based on this sparse history, this court concludes that equitable tolling is available when circumstances outside the control of the affected party make it impossible to comply with a statute of limitations.

In this case, ODOC's policies with respect to inmate trust accounts did not render it impossible for plaintiff to timely file his case. Plaintiff provides no evidence that he requested ODOC to advance the filing fee required by Judge King in the 2005 lawsuit and to assess that amount to his account, a discretionary act by ODOC which it had done for plaintiff in the past. OAR 291-158-0005(3)(b); Affidavit of Katharine von Ter Stegge, Exhibit D, p. 3.

Even if this were not the case, plaintiff was released from prison on December 5, 2005. At that point, he was no longer subject to the three-strikes provision of 28 U.S.C. § 1915(g) which, by its terms, applies only to incarcerated individuals. Thus, plaintiff could have simply refiled his lawsuit with an application to proceed *in forma pauperis* beginning on December 5, 2005, when he no longer was subject to 28 U.S.C. § 1915(g) due to his status as a non-prisoner, no collection order would have been entered against him, and his claims would have been presented to

7 - FINDINGS AND RECOMMENDATION

the court in a timely fashion. Instead, plaintiff waited until March 7, 2008, to file this case.

Plaintiff's assertion that he did not learn of the dismissal of his 2005 lawsuit until November of 2006 does not support equitable tolling. As mentioned previously, plaintiff was unaware of the court's dismissal of his case only because he failed in his duty to keep an updated address with the court as required by Local Rule 83-10.

Plaintiff also contends that the combination of his incarceration and mental disabilities warrant equitable tolling in this case. According to plaintiff, he has been disabled since 1983 and suffers from shizoaffective disorder, post-traumatic stress disorder, and personality disorder with paranoid narcissist and antisocial features. Declaration of Jerardo Rodriguez, ¶ 6. He claims that the combination of these disorders and his incarceration made it impossible for him to comply with the statute of limitations.

As an initial matter, taking plaintiff's assertions regarding his medical conditions as true, Oregon's statutory tolling provision relating to mental illness requires that plaintiff be so incapacitated that he did not even know that he had been harmed. ORS 12.160; *Gaspar v. Village Missions*, 154 Or. App. 286, 292 (1998). Here, there is no question that plaintiff knew he had been harmed, as evidenced by the filing of his 2005 lawsuit.

8 - FINDINGS AND RECOMMENDATION

Moreover, his argument in favor of equitable tolling based on his incarceration and mental condition is belied by the record. Not only was plaintiff able to file his 2005 lawsuit while incarcerated and subject to his mental infirmities, but the court's records show that he filed a total of 27 cases during the course of his imprisonment. This court thus concludes that equitable tolling is not appropriate because plaintiff could have timely raised his claims had he exercised reasonable diligence.

**II.  Parole Board**

Defendants also seek summary judgment as to plaintiff's claims against the Parole Board based on Eleventh Amendment immunity grounds. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Absent a clear and unequivocal waiver, the Eleventh Amendment bars suit in federal court against a State and its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Because there has been no waiver which would allow plaintiff to sue the Parole Board, defendants are entitled to summary judgment.

///

///

9 - FINDINGS AND RECOMMENDATION

///

## RECOMMENDATION

For the reasons identified above, defendants' Motion for Summary Judgment (docket #53) should be GRANTED, and plaintiff's Complaint (docket #1) should be DISMISSED with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 15, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 25th day of February, 2010.

                              s/   Janice M. Stewart  
                                    Janice M. Stewart  
                                    United States Magistrate Judge