IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JERARDO RODRIGUEZ,

               Plaintiff,

     v.

MAX WILLIAMS, et al.,

               Defendants.

No. CV 08-290-ST

OPINION AND ORDER

MOSMAN, J.,

On February 25, 2010, Magistrate Judge Stewart issued Findings and Recommendation ("F&R") (#78) in the above-captioned case recommending that Defendants' Motion for Summary Judgment (#53) be GRANTED.  Plaintiff filed objections to the F&R (#82), and defendants responded to plaintiff's objections (#84).

DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections.  The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination.  The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  28 U.S.C. § 636(b)(1)(C).  However, the

court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Stewart's recommendation that equitable tolling is not appropriate in this case. Although plaintiff primarily challenges Judge Stewart's observation that plaintiff failed to request the Oregon Department of Corrections ("ODOC") to advance him a filing fee, I note that this factor was but one basis for Judge Stewart's overall conclusion that an equitable remedy is inappropriate. I further note that there is no evidence that plaintiff's request for an advance filing fee would have been futile, as the ODOC had advanced filing fees to plaintiff in the past. (*See* F&R (#78) 7 (citing Stegge Aff. (#72) Ex. D at 3).)

Plaintiff also contends that it was improper for Judge Stewart to determine that his claims against the Parole Board are barred by the Eleventh Amendment when this issue was not raised by defendants or responded to by plaintiff. "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte." *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). Furthermore, plaintiff had an opportunity to respond to the merits of Judge Stewart's Eleventh Amendment analysis in his objections to the F&R, but has not done so.

PAGE 2 OPINION AND ORDER

For the foregoing reasons, I ADOPT Judge Stewart's F&R (#78) as my own opinion.

Defendants' Motion for Summary Judgment (#53) is GRANTED.

IT IS SO ORDERED.

DATED this  13th  day of April, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 OPINION AND ORDER